# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NEW ORLEANS IRON WORKS, INC. AND MICHAEL STEPHEN HOWELL | CIVIL ACTION |
| VERSUS | NO: 09-0157 |
| BOARD OF COMMISSIONERS OF THE ORLEANS LEVEE DISTRICT, ET AL. | SECTION: "F" (4) |

## ORDER

Before the Court is a **Motion by Defendant Pearl River Navigation, Inc., for a More Definite Statement (R. Doc. 37)**, filed by Defendant, Pearl Navigation, Inc. ("Pearl"), seeking a more definite statement of the Plaintiffs, New Orleans Iron Works, Inc. and Michael Stephen Howell (collectively "the Plaintiffs") Complaint and Amended Complaint. The Plaintiffs oppose the motion. (R. Doc. 83.) The motion was heard without oral argument on Wednesday, June 17, 2009.

## I.   Background

The Plaintiffs filed the instant Complaint against the Defendants seeking recovery for Defendants alleged violation of United States and Louisiana Antitrust Laws. (R. Doc. 1, ¶¶ 47-63.) The Plaintiffs are marine salvors engaged in the business of performing salvage work on damaged vessels. (R. Doc. 1, ¶ 3.) After Hurricanes Katrina and Rita, Pearl, through Defendants Edwin E. Reardon, Jr. ("Reardon"), and Marine Solutions, LLC ("Marine Solutions"), allegedly contracted with the Board of Commissioners of the Orleans Levee District ("OLD"), as a subcontractor, to keep the Plaintiffs and other marine salvors from working in OLD marinas. (R. Doc. 6, ¶ 29.) The Plaintiffs allege that the sums charged by Pearl's contractors, which were then paid to Pearl as a subcontractor,

"were far in excess of the competitive prices" charged in non-OLD controlled marinas. (R. Doc. 6, ¶ 32.) The Plaintiffs allege that because of Pearl and the other Defendants' actions, they lost business that they were ready and able to perform at "fair and reasonable price[s]." (R. Doc. 1, ¶ 62.) In their Complaint, the Plaintiffs requested actual damages, including lost profits and emotional distress caused by the denial of Plaintiffs' access to OLD marinas. (R. Doc. 1, ¶ 69.) In their First Amended Complaint, the Plaintiffs requested "three times their actual damages, as provided by law, punitive damages . . . a reasonable attorney's fee and for all general and equitable relief." (R. Doc. 6, ¶ 66.)

In the subject motion, Pearl contends that the allegations in the Plaintiffs' Complaint are so vague that it cannot effectively respond. (R. Doc. 37, pp. 2-3.) Furthermore, Pearl contends that because the allegations are vague, the Plaintiffs should be required to produce a more definite statement explaining their allegations against Pearl. (R. Doc. 37, p. 5-6.)

The Plaintiffs oppose the motion, contending that their Complaint and First Amended Complaint have been adequately pled. (R. Doc. 83, p. 2.) The Plaintiffs further contend that additional information is more appropriately obtained through discovery. (R. Doc. 83, p. 7.)

## II. **Standard of Review**

Federal Rule of Civil Procedure ("Rule") 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Motions for more definite statements are generally disfavored because the Rules simply call for a short and plain statement of the claim to give the defendant fair notice of the claim and the grounds upon which it rests. *Acker v. Bishop*, No. 06-0710, 2006 WL 1895484, at *1 (W.D. La. Jul. 10, 2006); Fed. R. Civ. P. 8; *see also General Star Indem. Co. v. Vesta Fire Ins. Co.*, 173 F.3d 946, 951 (5th Cir. 1999) (reasoning that Rule 8 only requires a short and plain statement of sufficient to (1) provide notice of the circumstances giving rise

to the claim or (2) set forth sufficient information to outline the claim elements or permit inferences to be drawn that these elements exist.").

Rule 12(e) provides a remedy for unintelligible pleadings, and thus is only successfully invoked where (1) a responding party cannot reasonably respond to a pleading or (2) the pleading does not provide sufficient notice. *Id.* Furthermore, a motion for a more definite statement is inappropriate where the parties can discover additional information through discovery. *Id.*; *Blum v. Roberts*, No. 06-2307, 2006 WL 2135457, at *2 (E.D. La. Jul. 28, 2006).

Under Rule 12(e), a motion for a more definite statement "must be made before filing a responsive pleading and must point out the defects complained of and the details desired." Furthermore, if the court orders a more definite statement and the non-moving party fails to comply within ten (10) days after the order, or another court-determined time, then the court may strike the pleading or issue an appropriate order. *Id.*

Although Rule 12(e) motions are available as a remedy, under Rule 8, plaintiffs are required to make only "a short and plain statement of the claim showing that the pleader is entitled to relief." *Obee v. Xerox Corp.*, No. CIV.A.99-470, 1999 WL 717637, at *2 (E.D. La. Sept. 14, 1999) ( citing Fed.R.Civ.P. 8(a)(2)). "[G]iven the liberal pleading standard set forth in Rule 8, Rule 12(e) motions are disfavored." *Cousin v. Small*, No. CIV.A.00-0069, 2000 WL 1100384, at *1 (E.D. La. Aug. 4, 2000). Furthermore, a "'motion for a more definite statement will not be granted where the moving party can reasonably respond to the non-movant's pleading, but wants the non-movant to plead additional information that could otherwise be later gained through discovery.'" *Gibson v. Deep Delta Contractors, Inc.*, No. CIV.A.97-3791, 2000 WL 28174, at *6 (E.D. La. Jan. 14, 2000).

**III.** <u>**Analysis**</u>

Pearl argues that the Plaintiffs' Complaint and First Amended Complaint failed to clearly state

the Plaintiffs' claims against it. (R. Doc. 37, ¶ 3.) Specifically, Pearl argues that the Plaintiffs' claims are "based upon vaguely stated cause of action" (R. Doc. 37, ¶ 1) and that "the claims are not clear from the pleadings." (R. Doc. 37, ¶ 3.) Pearl also contends that the Plaintiffs failed to allege facts which satisfy the pleading requirements of Federal Rule of Civil Procedure ("Rule") 8(a)(2). Pearl contends that it requires the following in order to form a responsive pleading:

(a) The specific nature and details of the conspiracies in which Pearl River Navigation, Inc. allegedly engaged.
(b) The identity of the specific named individuals who were parties to the conspiracies.
(c) Information regarding when, where and how Pearl River Navigation, Inc. became engaged in the alleged conspiracies.
(d) A description of the specific unlawful actions taken by a specific employee of Pearl River Navigation, Inc. that furthered the conspiracies.
(e) Information supporting Plaintiffs' allegations that Pearl River Navigation, Inc. was somehow acting "under color of state law".

(R. Doc. 37, ¶ 5.)

The Plaintiffs respond by stating that the Complaint and First Amended Complaint set forth in detail the alleged "conspiracy to set prices, exclude competitors, and to monopolize" business in OLD marinas. (R. Doc. 83, p. 2.) They contend that these allegations, when combined with the allegation that Pearl later joined in this conspiracy as a subcontractor, are enough to allege Pearl's involvement in a conspiracy. (R. Doc. 83, p. 2.)

The only specific reference to a statute in the Plaintiffs' Complaint is Section 2 of the Sherman Antitrust Act that deals with monopolies. 15 U.S.C. § 2 (2004). The Plaintiffs accuse the Defendants, including Pearl, of conspiring to monopolize the salvage business in OLD marinas. (R. Doc. 1, ¶ 61.) To prove the existence of a conspiracy to monopolize, a plaintiff must show "(1) the existence of specific intent to monopolize; (2) the existence of a combination or conspiracy to achieve that end; (3) overt acts in furtherance of the combination or conspiracy; and (4) an effect upon a substantial amount

4

of interstate commerce." *N. Miss. Commc'ns, Inc. v. Jones*, 792 F.2d 1330, 1335 (5th Cir. 1986). In a complaint, a plaintiff need only relate "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" of the elements of the claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (discussing the pleading requirements of a restraint of trade claim under 15 U.S.C. § 1).

In their Complaint, the Plaintiffs outline a conspiracy between Defendants OLD and Marine Recovery and Salvage, LLC ("Marine") to allow Marine to monopolize marine salvage business in OLD marinas after Hurricanes Katrina and Rita. (R. Doc. 1, ¶¶ 6-10.) In the First Amended Complaint, the Plaintiffs indicate that Pearl later joined in the conspiracy as a subcontractor by agreeing to work exclusively in OLD marinas performing work on salvage. (R. Doc. 6, ¶ 29.) The Plaintiffs also allege that the Defendants, including Pearl, charged unreasonable sums for their salvage work and kept other legitimate salvage companies from competing in OLD marinas. (R. Doc. 6, ¶ 29.) The facts pled in the Plaintiffs' Complaint and First Amended Complaint are sufficient to satisfy Rule 8(a)(2) as to Pearl's involvement in the conspiracy to monopolize claim.

The Plaintiffs also allege that the Defendants, acting under color of state law, intentionally kept the Plaintiffs from accessing OLD marinas. (R. Doc. 1, ¶ 65.) They allege that the "private parties acted under color of law because the illegal actions of [Defendants] Huey and Carmouche, state officials, benefited [sic] MRS, Resolve, and their agents, and the Levee Board Police and security guards, which enforced their actions, acted under color of state law." (R. Doc. 1, ¶ 66.)

> To state a claim under 42 U.S.C. § 1983 a plaintiff must: (1)allege a violation of a right secured by the Constitution or laws of the United States; and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. A plaintiff must also identify defendants who were personally involved or whose acts are causally connected to the alleged Constitutional violation.

*Sonnier v. Crain*, No. 08-4800, 2009 WL 2390760, at *5 (E.D. La. July 30, 2009) (internal citations omitted).

Here, the Plaintiffs allege that the Defendants' denial of the Plaintiffs' access to the OLD marinas was done "with an intention to violate the constitutional property and other rights." (R. Doc. 1, ¶ 65.) However, it is not clear what "constitutional property" right the Defendants allegedly violated. Furthermore, the Plaintiffs' reference to "agents" in Paragraph 66 does not adequately identify Pearl as being "personally involved" in the "alleged Constitutional violation." Without more information, Pearl cannot be expected to properly respond to the Plaintiffs' § 1983 claim. Therefore, Pearl's Motion for a More Definite Statement is granted as to the § 1983 claim.

The Plaintiffs failed to reference any other specific statutes in their Complaint or First Amended Complaint. The Plaintiffs' Complaint alleges "violations of the antitrust laws of Louisiana" (R. Doc. 1, .¶ 63) and "illegal Price Fixing and illegal Price Gouging." (R. Doc. 1, ¶67.) However, although the Plaintiffs broadly identify criminal conduct allegedly committed by the Defendants, they do not explain how the alleged criminal conduct entitles them to a civil remedy. Without more specific references to the statutes it is accused of violating, Pearl cannot be expected to form a response to the Plaintiffs' pleadings.

Accordingly, Pearl's Motion for a More Definite Statement is granted as to all claims made by the Plaintiffs except the Plaintiffs' Federal Sherman Act claim that Pearl conspired to monopolize. Therefore, the Motion by Defendant for a More Definite Statement (R. Doc. 37) is denied as to the Plaintiffs' § 2 claim and granted as to the rest of the Plaintiffs' claims put forward in the Complaint.

**IT IS THEREFORE ORDERED** that Pearl River Navigation, Inc.'s **Motion by Defendant for a More Definite Statement (R. Doc. 37)** is **GRANTED IN PART** and **DENIED IN PART**.

- **IT IS GRANTED** regarding the Plaintiffs' claims that Pearl violated Louisiana antitrust laws, violated Plaintiffs' rights under color of law, committed intentional delicts, denied the Plaintiffs their civil rights, and committed criminal acts.

- **IT IS DENIED** regarding the Plaintiffs' claim that Pearl violated 15 U.S.C. § 2,

which is adequately plead in the Complaint and First Amended Complaint.

        New Orleans, Louisiana, this 28th of August 2009

        _____
        **KAREN WELLS ROBY**
        **UNITED STATES MAGISTRATE JUDGE**