UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NEW ORLEANS IRON WORKS, ET AL.           CIVIL ACTION

VERSUS                                   NO: 09-157

BD. OF COMMISSIONERS OF THE              SECTION: R(4)
ORLEANS LEVEE DISTRICT, ET AL.

**ORDER AND REASONS**

Before the Court are the motions to dismiss of defendants Edwin F. Reardon, Jr. and Marine Solutions, L.L.C.[1] For the following reasons, the Court GRANTS defendants' motions.

I.  **BACKGROUND**

The plaintiffs in the instant case, New Orleans Iron Works and Michael Stephen Howell, were marine salvors at the time of Hurricane Katrina. The plaintiffs sued the Orleans Levee District, Marine Recovery, James Huey, George Carmouche, Scott Carmouche, Michael Mayer, Joseph Farrell, Francis Leckey, Marine

---

[1] (R. Doc. 135; 136.)

Solutions, LLC, Edward F. Reardon, Pearl River Navigation, Inc., and Resolve Marine Group on January 20, 2009.[2] The plaintiffs' allegations stem from the same post-Katrina conduct that was the basis of a previous lawsuit, *Lambert v. Board of Commissioners of the Orleans Levee District, et al.*, Civ. A. No. 05-5931. In short, plaintiffs allege that, from September 2005 to December 2005, defendants participated in a conspiracy to exclude salvors other than Marine Recovery, Resolve Marine Group, and Pearl River from performing salvage operations in the Orleans and South Shore marinas.[3] They allege that because of this conspiracy, plaintiffs could not access the marinas and perform the salvage services requested by their clients.[4] Plaintiffs claim that defendants' actions were intentional torts and violated the Sherman Act, the Louisiana antitrust laws, and plaintiffs' Fourteenth Amendment due process rights.[5] They seek damages for loss of revenue and profits and general damages for the mental anguish and inconvenience they experienced as a result of

---

[2]   (R. Doc. 1.)

[3]   *Id.*

[4]   *Id.*

[5]   *Id.*

defendants' alleged actions.[6]

During the summer and fall of 2009, all the defendants except for Reardon and Marine Solutions moved to dismiss plaintiffs' claims against them.[7] On October 23, 2009, and December 22, 2009, this Court granted their motions.[8] In so doing, the Court held that plaintiffs' claims for intentional torts and violations of civil rights and Louisiana antitrust laws were prescribed under Louisiana law.[9] The Court also held that plaintiffs' Sherman Act claims were barred by the State Action Doctrine.[10]

Now, Reardon and Marine Solutions both move to dismiss plaintiffs' claims against them.[11] As alleged in plaintiffs' Complaint, Marine Solutions, much like co-defendants Marine Recovery and Resolve Marine Group, was an authorized salvor in the Orleans and South Shore marinas after Hurricane Katrina

---

[6] *Id.*

[7] (R. Doc. 22; 24; 28; 50; 81; 63; 108.)

[8] (R. Doc. 107; 118.).

[9] *Id.*

[10] *Id.*

[11] (R. Doc. 135; 136.)

struck.[12] Reardon is an owner and manager of Marine Solutions.[13] As did the other defendants, Reardon and Marine Solutions contend that plaintiffs' state-law claims against them are prescribed, and plaintiffs' federal antitrust claim barred by the State Action Doctrine.[14]

Plaintiffs oppose the motions of Reardon and Marine Solutions.[15] Specifically, plaintiffs argue that evidence discovered in the *Lambert* action precludes dismissal of plaintiffs' claims under the State Action Doctrine.[16] Because the Court previously issued an extensive Order concerning the same arguments presented here, it will assume a certain degree of familiarity with the facts and basic legal standards at issue.

## II. DISCUSSION

The Court finds that the reasoning of its October 23, 2009 Order controls the disposition of Reardon and Marine Solutions's motions. As stated therein, plaintiffs here were not part of any

---

[12] (R. Doc. 87.)

[13] (R. Doc. 87.)

[14] (R. Doc. 135.)

[15] (R. Doc. 137.)

[16] *Id.*

4

purported class in the *Lambert* litigation.  As such, article 596 of the Louisiana Code of Civil Procedure does not suspend the one-year prescriptive period for plaintiffs' state-law claims.[17]  Plaintiffs' state-law claims, which arose in late 2005, are thus clearly prescribed.  Moreover, as private party defendants, the State Action Doctrine bars plaintiffs' Sherman Act claim against Reardon and Marine Solutions because (1) the challenged anticompetitive conduct was clearly articulated and affirmatively expressed as state policy, and (2) any anticompetitive acts by Reardon or Marine Solutions were "actively supervised by the State itself."[18]

Plaintiffs contrary arguments do not raise any issues not previously covered in this Court's October 23 Order.  Plaintiffs argue, contrary to their own Complaint, that statements from the Orleans Levee Board show that the Orleans Levee District was not authorized to enter into an exclusive agreement for vessel salvage work with any of the private-party defendants.[19]  Thus, to the extent that an exclusive agreement existed, plaintiffs argue that it was not "state action" by the Orleans Levee

---

[17]  *See* La. Code Civ. P. Art. 596.

[18]  (R. Doc. 107); *see California Retail Liquor Dealers Assoc. v. Midcal Aluminum, Inc.*, 445 U.S. 97, 105 (1980).

[19]  (R. Doc. 137.)

District or "active supervision by the state" capable of conferring private party immunity from the Sherman Act.[20] This argument does not withstand scrutiny for several reasons. First, the reasoning of the Court's October 23 Order did not hinge upon the existence, or non-existence, of an exclusive contract between the Orleans Levee District and a private party defendant, such as Marine Solutions. The only action by a private party defendant at issue is that which was authorized by the Orleans Levee District on its website in October 2005, not pursuant to any exclusive agreement between the two defendants. Plaintiffs make no showing that this was not conduct under "active supervision" of the state. Second, the Orleans Levee Board statements to which plaintiffs refer, on their face, say nothing about the salvage of privately owned vessels in the Orleans and South Shore Marinas.[21] Rather, the statements concern restoration and renovation contracts for enumerated Orleans Levee District properties.[22] Nor have plaintiffs provided any link between the statements and private vessel salvage in the two marinas. Lastly, to the extent that the statement relate to private vessel

---

[20] (R. Doc. 137.)

[21] *Id.*

[22] *Id.*

6

salvage at all, the statements were made almost two months after the Orleans Levee District appointed Marine Recovery as the exclusive salvor of the Orleans and South Shore Marinas under the emergency exception to the Public Bid Law.[23]

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS the motions to dismiss of Edwin F. Reardon and Marine solutions, L.L.C.[24]

It is so ordered.

New Orleans, Louisiana, this  6th  day of May, 2010.

_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE

---

[23] (R. Doc. 22, Ex. A); *see also* La. Rev. Stat. § 38:2212 (Louisiana Public Bid Law).

[24] (R. Doc. 135; 136.)